

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
October 20, 2022 10:57

By: ZIAD TAYEH 0088027

Confirmation Nbr. 2681793

| | |
|---|---|
| MIRDUH SPAHIJA | CV 22 970243 |
| vs. | |
| RAE-ANN HOLDINGS, INC., ET AL. | **Judge:** WANDA C. JONES |

**Pages Filed:** 7

Exhibit A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **MIRDUH SPAHIJA,**<br>1101 Clague Road<br>Westlake, OH 44145<br><br>    Plaintiff<br><br>  v.<br><br>**RAE-ANN HOLDINGS, INC.**<br>**aka and dba RAE-ANN SKILLED**<br>**NURSING & REHABILITATION**<br>**CENTERS,**<br>c/o John Griffiths<br>27310 Oviatt Road<br>Bay Village, OH 44140<br><br>and<br><br>**SUE GRIFFITHS,**<br>28303 Detroit Road<br>Westlake, OH 44145<br><br>and<br><br>**JOHN GRIFFITHS,**<br>28303 Detroit Road<br>Westlake, OH 44145<br><br>    Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |

Now comes Plaintiff Mirduh Spahija, by and through undersigned counsel, and for his Complaint, states and alleges the following:

### THE PARTIES

1. Plaintiff Mirduh Spahija ("Plaintiff") is an individual residing at 1101 Clague Road, Westlake, OH 44145.

2. Defendant Rae-Ann Holdings, Inc. aka and dba as Rae-Ann Skilled Nursing & Rehabilitation Centers ("Defendant Rae-Ann") is a corporation or similar entity operating Rae-Ann Skilled

Nursing & Rehabilitation Centers, with its statutory agent located at 27310 Oviatt Road, Bay Village, OH 44140.

3. Defendant Sue Griffiths ("Defendant Sue") is a principal of Defendant Rae-Ann, who at all relevant times conducted the business at 27310 Oviatt Road, Bay Village, OH 44140.

4. Defendant John Griffiths ("Defendant John") is a principal of Defendant Rae-Ann, who at all relevant times conducted the business at 27310 Oviatt Road, Bay Village, OH 44140.

## VENUE AND JURISDICTION

5. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, R.C. §4112 *et seq.* and well-established case law.

6. Venue is proper in the Cuyahoga County Court of Common Pleas, as the events giving rise to this claim arose in Cuyahoga County.

7. This Court has subject matter and personal jurisdiction over the Defendants.

8. Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission and is timely commencing suit pursuant to said Notice.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed with Defendant Rae-Ann, performing his duties as a financial controller, from April 21, 2021 – April 5, 2022.

10. The Defendants at all times herein had the duty and authority to manage, supervise, and ensure the proper treatment of Defendant Rae-Ann's employees.

11. Defendant Rae-Ann at all times acted through its agents, Defendants Sue and John.

12. Defendants wrongfully terminated Plaintiff due to his religious beliefs on or about April 5, 2022.

13. Prior to April 4, 2022, Plaintiff did not inform Defendant Rae-Ann that he is Muslim.

14. However, on April 4, 2022, Plaintiff, for the first time, disclosed he was Muslim in an email delivered to Defendants Sue and John requesting accommodations for Ramadan, the Muslim holy month of fasting.

2

15. The very next day, on April 5, 2022, without notice or warning, Defendant Rae-Ann terminated Plaintiff's employment.

16. Prior to his termination, Plaintiff was a model employee, exceeded expectations on his performance review, and passed all audits.

17. There is no explanation for Plaintiff's sudden termination other than the fact he disclosed he was a practicing Muslim who participated in fasting during the month of Ramadan.

18. As additional evidence of Defendants discriminatory intent, only a few hours after Plaintiff sent his email requesting Ramadan accommodations, Defendant Sue contacted a former employee to inquire whether the former employee (who previously worked the same position as Plaintiff) was interested in the position again.

19. Moreover, Defendants Sue and John printed out Plaintiff's email and intentionally publicized the email to several Defendant Rae-Ann's employees, even though Plaintiff stated the email related to a personal matter. This was not typical, as Defendants Sue and John did not generally print or disseminate work emails.

20. Defendant Rae Ann is liable for all actions of Defendants Sue and John pursuant to the doctrine of respondeat superior.

21. Defendants Sue and John were at all times herein acting in both their official and individual capacities.

22. As a direct and proximate result of the Defendants' unlawful termination of his employment, Plaintiff has suffered significant losses, including, but not limited to, lost income, health insurance, HSA contributions, compensation for paid time off, and other fringe benefits. This ordeal has also caused Plaintiff serious stress and emotional damage.

**COUNT ONE: WRONGFUL TERMINATION BASED ON RELIGIOUS DISCRIMINATION**

23. Plaintiff reavers all Paragraphs of Plaintiff's Complaint as if fully restated herein.

24. Defendants received knowledge that Plaintiff is a Muslim on or about April 4, 2022, when he requested Ramadan accommodations.

25. Defendants wrongfully terminated Plaintiff due to his religious beliefs on or about April 5, 2022.

26. Defendant Rae Ann is liable for Defendants Sue and John's religious-based discrimination against Plaintiff pursuant to the doctrine of respondeat superior.

27. As a direct and proximate result of the Defendants' unlawful termination of his employment, Plaintiff has suffered significant losses, including, but not limited to, lost income, health insurance, HSA contributions, compensation for paid time off, and other fringe benefits. This ordeal has also caused Plaintiff serious stress and emotional damage.

28. Each of the Defendants' conduct herein was taken in bad faith, wanton, reckless, malicious, intentional, willful, and with intent to persecute Plaintiff, and as a result, Plaintiff is entitled to attorney fees and punitive damages in such amounts as will sufficiently punish Defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

**COUNT TWO: FAILURE TO ACCOMMODATE**

29. Plaintiff reavers all Paragraphs of Plaintiff's Complaint as if fully restated herein.

30. Plaintiff requested reasonable Ramadan accommodation from Defendants relating to his fasting during the holy month of Ramadan, but Defendants failed to discuss, much less grant, this accommodation.

31. At all relevant times herein, Plaintiff is a Muslim with sincerely held religious beliefs in the basic tenants of Islam, including fasting during the month of Ramadan.

32. Defendants had the ability to accommodate Plaintiff's religious beliefs, including Plaintiff's request to accommodate his work schedule during the month of Ramadan, without undue hardship.

33. Despite Defendants ability to accommodate Plaintiff's religious needs, Defendant refused to do so.

34. The requested accommodation did not present an undue hardship on Defendants if they were to provide the Ramadan accommodations to Plaintiff.

35. Defendants failed to provide Ramadan accommodations to Plaintiff, and in fact terminated Plaintiff for his requested accommodations.

36. A causal link exists between Plaintiff's revelation that he is Muslim and request for accommodations and Plaintiff's termination.

37. Defendants wrongfully terminated Plaintiff due to his religious beliefs on or about April 5, 2022.

38. Defendant Rae Ann is liable for Defendants Sue and John's religious-based discrimination against Plaintiff pursuant to the doctrine of respondeat superior.

39. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered significant losses, including, but not limited to, lost income, health insurance, HSA contributions, compensation for paid time off, and other fringe benefits. This ordeal has also caused Plaintiff serious stress and emotional damage.

40. Each of the Defendants' conduct herein was taken in bad faith, wanton, reckless, malicious, intentional, willful, and with intent to persecute Plaintiff, and as a result, Plaintiff is entitled to attorney fees and punitive damages in such amounts as will sufficiently punish Defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

## COUNT THREE: RETALIATION

41. Plaintiff reavers all Paragraphs of Plaintiff's Complaint as if fully restated herein.

42. After Plaintiff informed Defendant Rae-Ann that he is Muslim and requested reasonable accommodations, Plaintiff suffered adverse actions in the form of termination of Plaintiff's employment.

43. A causal link exists between Plaintiff's revelation that he is Muslim and request for accommodation and Plaintiff's termination.

44. Defendants' conduct in wrongfully terminating Plaintiff constitutes unlawful retaliation.

45. As a result of Defendants' retaliation against Plaintiff, Plaintiff has suffered significant losses, including, but not limited to, lost income, health insurance, HSA contributions, compensation for paid time off, and other fringe benefits. This ordeal has also caused Plaintiff serious stress and emotional damage.

46. Each of the Defendants' conduct herein was taken in bad faith, wanton, reckless, malicious, intentional, willful, and with intent to persecute Plaintiff, and as a result, Plaintiff is entitled to attorney fees and punitive damages in such amounts as will sufficiently punish Defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

**WHEREFORE**, Plaintiff prays for the following against Defendants, jointly and severally:

1. Compensatory damages in excess of $25,000;
2. Punitive damages in the maximum amount permitted under Ohio law;
3. Plaintiff's attorney fees and costs of this action;
4. All damages and relief provided by 42 U.S.C. § 2000e, *et seq.* and R.C. §4112.02 *et seq.*;
5. Pre and post-judgment interest; and
6. Any other relief this Court deems appropriate.

Respectfully Submitted,

*/s/Ziad Tayeh*
Ziad Tayeh (0088027)
Tayeh Law Offices, LLC
22255 Center Ridge Road, Suite 311
Rocky River, OH 44116
Phone: (440) 580-0365
Fax: (440) 359-8755
Email: info@Tayehlaw.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury with the maximum number of jurors permitted under Ohio law.

Respectfully Submitted,

*/s/Ziad Tayeh*
Ziad Tayeh (0088027)
Tayeh Law Offices, LLC
22255 Center Ridge Road, Suite 311
Rocky River, OH 44116
Phone: (440) 580-0365
Fax: (440) 359-8755
Email: info@Tayehlaw.com
Attorney for Plaintiff

7