**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIRDUH SPAHIJA, | : | |
| | : | CASE NO.: 1:22-cv-01986 |
| Plaintiff, | : | |
| v. | : | JUDGE: Donald C. Nugent |
| | : | |
| RAE-ANN HOLDINGS, INC., ET AL. | : | |
| | : | |
| Defendants. | : | |

**MOTION TO DISMISS FILED BY INDIVIDUAL**
**DEFENDANTS SUE GRIFFITHS AND JOHN GRIFFITHS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Sue Griffiths ("Sue") and John Griffiths ("John") (jointly, "Defendants") hereby move this Court to dismiss all claims asserted against Sue and John in Plaintiff Mirduh Spahija's ("Plaintiff") Complaint (the "Complaint"). As is more fully set out in the attached Memorandum in Support, this Motion seeks to dismiss all claims against Sue and John in Plaintiff's Complaint because individuals are precluded from liability in employment discrimination actions. *See* 42 U.S.C. § 2000e; R.C. 4112.08(A). A brief Memorandum in Support is attached.

                                                  Respectfully submitted,

                                                  */s/ David A. Campbell*
                                                  David A. Campbell (0066494)
                                                  Lewis Brisbois Bisgaard & Smith, LLP
                                                  1375 E. 9th Street, Suite 2250
                                                  Cleveland, OH 44114
                                                  Phone: (216) 344-9422
                                                  Fax: (216) 344-9421
                                                  David.A.Campbell@lewisbrisbois.com

                                                  *Attorney for Defendants*

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

Plaintiff is a former employee of Defendant Rae-Ann Holdings, Inc., aka and dba Rae-Ann Skilled Nursing & Rehabilitation Centers ("Rae-Ann"). *See* Complaint ¶ 9. Plaintiff's Complaint asserts employment discrimination claims against (1) his former employer Rae; (2) Sue, an individual and employee of Rae; and (3) John, an individual and employee of Rae. *See* Complaint, ¶¶ 2-4. This lawsuit was filed against Defendants because Plaintiff alleges he was terminated by Defendants due to his religious beliefs. *See* Complaint, ¶ 12.

The Complaint alleges three Counts of employment discrimination against individuals Sue and John. *See* Complaint at Counts I-III. Sue and John are individuals. *See* Complaint, ¶¶ 3-4. It is well established that Title VII and R.C. 4112.08 preclude individual liability in employment discrimination actions. Accordingly, Plaintiff's claims against Sue and John should be dismissed as a matter of law. *See Gibson v. Ind. State Pers. Dep't*, Case No. 1:17-cv-01212-JPH-TAB, 2019 U.S. Dist. LEXIS 37480 *15 (March 8, 2019); *Reeves v. P&E Logistics, Inc.*, S.D.Ohio No. 2:21-cv-4167, 2022 U.S. Dist. LEXIS 54990, at *8-9 (Mar. 28, 2022).

II. **RELEVANT ALLEGATIONS OF THE COMPLAINT**

For purposes of this Motion, Defendants will assume Plaintiff's factual allegations as true. Defendants strongly deny Plaintiff's claims and submit that discovery will firmly demonstrate that Plaintiff's discharge was based on legitimate, non-retaliatory reasons.

Plaintiff was employed by Rae-Ann as a financial controller from April 21, 2021 – April 5, 2022. *See* Complaint ¶ 9. Plaintiff is Muslim. *See* Complaint, ¶ 13. The Complaint alleges that Plaintiff first disclosed his religious beliefs to Defendants on April 4, 2022 upon requesting accommodations for the month-long Muslim holiday of Ramadan. *See* Complaint, ¶ 14. Plaintiff

alleges that he was terminated the following day due to his religious beliefs. *See* Complaint, ¶ 12. The Complaint alleges three Counts of employment discrimination against (1) his former employer Rae-Ann, and (2) Rae-Ann employees Sue and John individually. Complaint at Counts I-III.

### III. LAW AND ARGUMENT

#### A. Standard of Review.

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Shoup v. Doyle*, 974 F. Supp. 2d 1058, 1071 (S.D. Ohio 2013); *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). A court need not, however, credit bald assertions, legal conclusions, or unwarranted inferences. *Kavanagh v. Zwilling*, 578 F. App'x 24, 24 (2d Cir. 2014) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Twombly*, 550 U.S. at 570. The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Id.* at 555. Although Rule 12(b)(6) does not impose a probability requirement at the pleading stage, a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quotation marks omitted*). Simply reciting the elements of a cause of action does not suffice. *Iqbal*, 556 U.S. at 678.

In determining whether to grant a Rule 12(b)(6) motion, the Court may consider any exhibits attached to the complaint or a motion to dismiss. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### B. Plaintiff's Claims Against Sue And John Fail As A Matter Of Law.

Title VII and R.C. 4112.08(A) preclude liability against individuals in employment discrimination actions.

It is well-settled that Title VII claims cannot be asserted against individual defendants. *Gibson v. Ind. State Pers. Dep't*, Case No. 1:17-cv-01212-JPH-TAB, 2019 U.S. Dist. LEXIS 37480 *15 (March 8, 2019) ("all individual defendants must be dismissed 'because they do not meet the definition of an 'employer' under Title VII and the ADA"); *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *Sattar v. Motorola, Inc.,* 138 F.3d 1164, 1168 (7th Cir. 1998); *E.E.O.C. v. AIC Sec. Investigations, Ltd*, 55 F.3d 1276, 1282 (7th Cir. 1995); *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015).

Moreover, in pertinent part, R.C. 4112.08(A) states, "no person has a cause of action or claim based on an unlawful discriminatory practice relating to employment … against a supervisor, manager, or other employee of an employer." The statute demonstrates the General Assembly's "intent that individual supervisors, managers, or employees not be held liable under Chapter 4112[] of the Revised Code for unlawful discriminatory practices relating to employment." 2019 Ohio HB 352.

Here, Plaintiff has asserted three Counts of discrimination against individuals Sue and John. Complaint at Counts I-III. Sue and John are employees of Rae-Ann. *See* Complaint, ¶¶ 2-3. Therefore, Plaintiff's claims against Sue and John should be dismissed as a matter of law.

**IV.     CONCLUSION**

Based on the above-cited arguments and authorities, Defendants' Motion must be granted and Plaintiff's claims against Sue and John dismissed as a matter of law.

                Respectfully submitted,

                */s/     David A. Campbell*
                David A. Campbell (0066494)
                Lewis Brisbois Bisgaard & Smith, LLP
                1375 E. 9th Street, Suite 2250
                Cleveland, OH 44114
                Phone: (216) 344-9422
                Fax: (216) 344-9421
                David.A.Campbell@lewisbrisbois.com
                *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 10th day of November, 2022, a true and accurate copy of foregoing was served on the following counsel of record:

Ziad Tayeh
22255 Center Ridge Road, Suite 311
Rocky River, OH 44116
(440) 580-0365
Email: info@tayehlaw.com
*Attorney for Plaintiff*

               */s/ David A. Campbell*
               David A. Campbell (0066494)
               *Attorney for Defendants*