# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MIRDUH SPAHIJA,** | CASE NO.: 1:22-cv-01986 |
| Plaintiff | |
| | JUDGE: DONALD C. NUGENT |
| v. | |
| **RAE-ANN HOLDINGS, INC., et al.** | **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS SUE GRIFFITHS AND JOHN GRIFFITHS' MOTION TO DISMISS** |
| Defendants. | |

Now comes Plaintiff Mirduh Spahija, by and through undersigned counsel, and hereby requests that this Honorable Court deny Defendants Sue Griffiths and John Griffiths' Motion to Dismiss the claims asserted against them. A Memorandum in Opposition of Defendants' Motion is attached hereto and incorporated herein.

        Respectfully Submitted,

        */s/Ziad Tayeh*
        Ziad Tayeh (0088027)
        Tayeh Law Offices, LLC
        22255 Center Ridge Road, Suite 311
        Rocky River, OH 44116
        Phone: (440) 580-0365
        Fax: (440) 359-8755
        Email: info@Tayehlaw.com
        Attorney for Plaintiff

**MEMORANDUM IN OPPOSITION**

I. **FACTS**

This action arises out of Plaintiff's employment with Defendant Rae-Ann Holdings, Inc. ("Defendant Rae-Ann"). Defendants Sue Griffith and John Griffith ("Moving Defendants") were at all relevant times owners and operators of Defendant Rae-Ann. Plaintiff's Complaint alleges that Defendants employed Plaintiff as a financial controller from April 21, 2021 through April 5, 2022. Plaintiff, a Muslim, never informed Defendants of his religious affiliation prior to April 4, 2022. On April 4, 2022, Plaintiff requested accommodations for Ramadan- the Muslim holy month of fasting. The following day, on April 5, 2022, Moving Defendants inexplicably terminated Plaintiff, without notice or warning.

Prior to the date of his termination, Plaintiff was a model employee, exceeded expectations in his performance reviews, and passed all audits. There is no explanation for Plaintiff's sudden termination other than the fact that Plaintiff was a practicing Muslim who participated in Ramadan. Moving Defendants then contacted a former employee to inquire whether the former employee was interested in Plaintiff's position. Moving Defendants printed and publicized Plaintiff's email requesting Ramadan accommodations to their employees.

Plaintiff filed an action in the Cuyahoga County Court of Common Pleas on October 20, 2022. Defendants filed a Notice of Removal of this case on November 9, 2022, and filed a Motion to Dismiss as to the Moving Defendants on November 10, 2022. Moving Defendants' Motion alleges that they cannot be held individually liable under Title VII or R.C. 4112.01 et seq. Plaintiff now responds to Moving Defendants' Motion to Dismiss.

II. **LAW AND ARGUMENT**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint does not require detailed factual

1

allegations; it simply must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moving Defendants contend that individuals may not be held liable for their own discriminatory actions under R.C. § 4112.01 et seq and Title VII. Plaintiff does not contest that courts have generally agreed that individuals may not be liable under Title VII. However, Plaintiff contests Moving Defendants' assertion regarding Ohio discrimination law.

R.C. § 4112.02(J) provides:

"It shall be an unlawful discriminatory practice:

(J) **For any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice**, to obstruct or prevent any person from complying with this chapter or any order issued under it, **or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.**"

(Emphasis added.)

Here, the Complaint clearly alleges that Moving Defendants engaged in the unlawful discriminatory actions giving rise to Plaintiff's claims in both their individual and official capacities. As such, Plaintiffs' claims under R.C. 4112.02 et seq. should survive Moving Defendants' Motion to Dismiss.

## III. CONCLUSION

For the foregoing reasons, this Honorable Court should deny Moving Defendants' Motion to Dismiss.

Respectfully Submitted,

*/s/Ziad Tayeh*
Ziad Tayeh (0088027)
Tayeh Law Offices, LLC
22255 Center Ridge Road, Suite 311
Rocky River, OH 44116
Phone: (440) 580-0365
Fax: (440) 359-8755
Email: info@Tayehlaw.com
Attorney for Plaintiff

2

## CERTIFICATE OF SERVICE

The foregoing was filed with the electronic filing system on this 28th day of November, 2022. Notice of this filing will be delivered through the electronic filing system.

                                        */s/Ziad Tayeh*
                                        Ziad Tayeh (0088027)
                                        Tayeh Law Offices, LLC
                                        Attorney for Plaintiff