IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIRDUH SPAHIJA, | ) | CASE NO. 1:22 CV 1986 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| RAE-ANN HOLDINGS, INC., et la., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss filed by Individual Defendants Sue and John Griffiths. (Docket #4.)

I. **Factual Allegations and Procedural History.**

As alleged in the Complaint, the facts of this case are follows:

Plaintiff, Mirduh Spahija ("Mr. Spahija"), was employed as a financial controller with Defendant, Rae-Ann Holdings Inc. ("Rae-Ann"), from April 21, 2021 until April 5, 2022. (Complaint at Paragraph 9.) Individual Defendants Sue and John Griffiths are the principals of and conducted the business of, Rae-Ann. (Id. at Paragraphs 3 and 4.) They were Mr. Spahija's managers/supervisors. (Id. at Paragraph 10.)

On April 4, 2022, Mr. Spahija, sent an email to Individual Defendants Sue and John Griffiths, in which he "disclosed that he was Muslim" and "request[ed] accommodation for

Ramadan." (Id. at Paragraph 14.) On April 5, 2022, without notice or warning, Rae-Ann terminated Mr. Spahija's employment. (Id. at Paragraph 15.) In his Complaint, Mr. Spahija states that he "was a model employee, exceeded expectations on his performance review, and passed all audits" and "that there is no explanation for [his] sudden termination other than the fact he disclosed he was a practicing Muslim who participated in fasting during the month of Ramadan." (Id. at Paragraphs 16-17.) Mr. Spahija alleges that within hours of his termination, Individual Defendant Sue Griffiths contacted a former employee who had previously worked in the same position as Mr. Spahija to inquire whether the former employee was interested in returning to the position. (Id. at Paragraph 18.) Mr. Spahija states that Individual Defendants Sue and John Griffiths also printed out his April 4 email and "publicized the email" to other employees, even though it related to a personal matter, and states "Sue and John did not generally print or disseminate work emails." (Id. at Paragraph 19.)

Mr. Spahija raises claims pursuant to 42 U.S.C. § 2000e, et seq., and Ohio Revised Code § 4112 et seq., for Wrongful Termination Based on Religious Discrimination (Count One); Failure to Accommodate (Count Two); and, Retaliation (Count Three), against all Defendants.

On November 10, 2022, Individual Defendants Sue and John Griffiths filed their Motion to Dismiss, arguing that both Title VII and Ohio Rev. Code § 4112.08 preclude individual liability in employment discrimination actions. (Docket #4.) On November 28, 2022, Mr. Spahija filed his Brief in Opposition, arguing that he has stated a viable claim under Ohio Rev. Code § 4112.02(J) for aiding, abetting or attempting to commit a violation of Section 4112. (Docket #7.) On December 5, 2022, Individual Defendants Sue and John Griffiths filed their Reply Brief, reiterating the arguments set forth in their Motion to Dismiss and also arguing that the Complaint does not expressly include a claim under Section 4112.02(J). (Docket #10.)

## II. Standard of Review.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 548, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v.*

*Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001). It is with this standard in mind that the instant Motion must be decided.

**III.    Discussion.**

Individual Defendants Sue and John Griffiths ask the Court to dismiss Mr. Spahija's claims against them, arguing that both Title VII and Ohio Rev. Code § 4112.08(A) preclude individual liability in employment discrimination actions and that the Complaint did not include a claim pursuant to Section 4112.02(J).

**A.    Title VII.**

Mr. Spahija concedes that individuals cannot be liable under Title VII. Accordingly, Mr. Spahija's Title VII claims against Individual Defendants Sue and John Griffiths are hereby dismissed.

**B.    State Law Claims.**

**1.    Section 4112.08(A).**

Ohio Rev. Code § 4112.08(A), which serves as the basis for Defendants' Motion to Dismiss, reads, <u>in full</u>, follows:

> This Chapter shall be construed liberally for the accomplishment of its purposes, and any law inconsistent with any provision of this chapter shall not apply. Nothing contained in this chapter shall be considered to repeal any of the provisions of any law of this state relating to discrimination because of race, color, religion, sex, military status, familial status, disability, national origin, age, or ancestry.
>
> **However, no person has a cause of action or claim based on an unlawful discriminatory practice as described in division (A)(24)(a) of section 4112.01 of the Revised Code against a supervisor, manager, or other employee of an employer unless that supervisor, manager, or other employee**

**is the employer.**[1] Nothing in this division abrogates statutory claims outside this chapter or any claims of liability that exist against an individual at common law.

Ohio Rev. Code § 4112.08(A).

Ohio Rev. Code § 4112.01(A)(24) defines "Unlawful discriminatory practice" as follows:

(a) An unlawful discriminatory practice that is prohibited by division (A), (B), (C), (D), (E), or (F) of section 4112.02 of the Revised Code;

(b) An unlawful discriminatory practice that is prohibited by division (I) or (J) of section 4112.02 of the Revised Code that is related to employment.

Ohio Rev. Code § 4112.01(A)(24).

Ohio case law provides little guidance regarding the application of the "employer" exception set forth in Section 4112.08(A) and the Parties did not address this issue in briefing. Section 4112.08 was amended effective April 15, 2021, adding the language precluding claims under Sections 4112.02(A)-(F) against supervisors, managers or other employees who are not the employer. However, claims against supervisors, managers, or other employees who are the employer are not precluded, nor are claims for individual liability brought pursuant to Sections 4112.02(I) or (J).

"Employer" is defined in Chapter 4112, in relevant part, as a person employing four or more persons within the state, and any agent of a person. Ohio Rev. Code § 4112.01(A)(2). "Employee" is defined as "an individual employed by any employer." Ohio Rev. Code § 4112.01(A)(3). "Person" is defined, in relevant part, as "one or more individuals, . . . corporations, legal representatives, . . . and other organized groups of persons" and "also includes, but is not limited to, any owner, . . . agent, employee." Ohio Rev. Code §

---

[1] Defendants stopped short of quoting the relevant text in its entirety, omitting the language "unless that supervisor, manager, or other employee is the employer."


4112.01(A)(1). Neither party addressed Individual Defendants Sue and John Griffiths' liability as employers under Section 4112.08(A). Sue and John Griffiths own Rae-Ann and, under the facts as alleged in the Complaint, they were Mr. Spahija's employers/supervisors/managers and made the decision to terminate Mr. Spahija's employment. Section 4112.08(A) does not preclude claims under Section 4112.02 against supervisors, managers or employees who are the employer. Fact discovery will clarify the corporate structure of Rae-Ann and the roles of Individual Defendants Sue and John Griffiths and, in the event dispositive motions are filed, the Parties will have the opportunity to argue this issue in more detail.

### 2. Section 4112.02(J).

In his Complaint, Mr. Spahija states generally that his claims arise under Ohio Revised Code § 4112 et seq. and argues, in briefing, that he has alleged valid claims against Individual Defendants Sue and John Griffiths under Section 4112.02(J), which makes it "an unlawful discriminatory practice":

> For any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

Mr. Spahija emphasized the aiding and abetting and attempt language in Section 4112.02(J). Much like Section 4112.08(A), "'Ohio courts have offered little guidance,' on this statute." *Argyriou v. Flynn, Inc.*, Case No. 4:19 CV 1878, 2021 U.S. Dist. LEXIS 36454, *39 (N.D. Ohio Feb. 26, 2021)(quoting *Sampson v. Sisters of Mercy of Willard*, Case No. 3:12 CV 824, 2015 U.S. Dist. LEXIS 84108, *9 (N.D. Ohio June 29, 2015)).

Section 4112.01(A)(1) defines person, in relevant part, as "one or more individuals, . . .

corporations, legal representatives, . . . and other organized groups of persons" and "also includes, but is not limited to, any owner, . . . agent, employee." As set forth above, Mr. Spahija alleges that he sent an email to Individual Defendants Sue and John Griffiths – the Principals of Rae Ann who were also his managers/supervisors – requesting a reasonable religious accommodation during holy month of Ramadan; that his request was refused by Sue and John Griffiths; and, that Rae-Ann and Individual Defendants Sue and John Griffiths, wrongfully retaliated against him, terminating his employment. Individual Defendants Sue and John Griffiths are "persons" – they are individuals/owners/agents/employees of Rae Ann and the decision-makers relative to Mr. Spahija's termination. The allegations set forth in the Complaint are sufficient to state a claim against the Individual Defendants under Section 4112.02(J).[2]

## IV. Conclusion.

For the foregoing reasons, the Motion to Dismiss filed by Individual Defendants Sue and John Griffiths (Docket #4) is hereby GRANTED IN PART AND DENIED IN PART, dismissing only Mr. Spahija's Title VII claims against Individual Defendants Sue and John Griffiths.

IT IS SO ORDERED.

                                                       _/s/ Donald C. Nugent_
                                                       DONALD C. NUGENT
                                                       Senior United States District Judge

---

[2] In *Argyriou v. Flynn*, Defendant David Flynn was the president and owner of Flynn Inc. Flynn Inc. operated five car dealerships in Ohio. Plaintiff, who worked at one of the car dealerships, was fired by Mr. Flynn and later filed a lawsuit against Flynn Inc. under Section 4112.02, and Mr. Flynn individually under Sections 4112.02(J) and 4113.52. Plaintiff's Section 4112.02(J) claim against Mr. Flynn alleged that Mr. Flynn "was responsible" for the alleged discriminatory conduct; was the individual who terminated her employment; and, therefore, "aided and abetted in violation of R.C. § 4112.02(J) in the discrimination suffered by Plaintiff. The District Court denied summary judgment as to Plaintiff's Section 4112.02(J) claim against Mr. Flynn.

DATED: *December 29, 2022*