**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MIRDUH SPAHIJA., | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 1:22-cv-01986 |
| | : | |
| v. | : | JUDGE Donald C. Nugent |
| | : | |
| RAE-ANN HOLDINGS, INC., ET AL. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION PURSUANT TO RULE 37(c)(2) TO DEEM CERTAIN ADMISSIONS ADMITTED AND TO PAY DEFENDANTS REASONABLE ATTORNEY FEES INCURRED IN PROVING THE ADMISSIONS WERE TRUE**

Pursuant to Rule 37(c)(2) of the Federal Rules of Civil Procedure, Defendants Rae-Ann Holdings, Inc. ("Defendant" or "Rae-Ann"), Sue Griffiths, and John Griffiths (collectively, "Defendants") respectfully move to admit certain admissions served on Plaintiff Mirduh Spahija ("Plaintiff"). In addition, Defendants move for the payment of Defendants' reasonable expenses, including attorney's fees, in making proof that the admissions were not properly admitted.

Rule 37(c)(2) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." In this matter, each of the admission requests have been proven true through Plaintiff's deposition. Accordingly, this Court should deem each of the admissions admitted and order Plaintiffs to pay Defendant's

reasonable expenses, including attorney's fees, in making the proof to prove the admissions true and filing this Motion. *See Broadcast Music, Inc. v. Marshall*, No. 77-40087, 1978 U.S. Dist. LEXIS 14044, *3-4 (E.D. Mich. Dc. 4, 1978) (improper admission responses were deemed admitted for purposes of summary judgment).

      This Motion is supported by the attached Memorandum in Support and the Deposition of Plaintiff. Prior to filing this Motion, Defendant raised the issue with Plaintiff's counsel, but the matter could not be resolved.

      Respectfully submitted,

/s/ David A. Campbell
David A. Campbell (0066494)
Stephen L. Miller (0101656)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
Stephen.Miller@lewisbrisbois.com

*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

Plaintiff Mirduh Spahija ("Plaintiff") is a former management employee for Defendants Rae-Ann Holdings, Inc. ("Defendant" or "Rae-Ann"), Sue Griffiths, and John Griffiths (collectively, "Defendants").  Defendants served Admission Requests to Plaintiff pursuant to Rule 36 of the Federal Rules of Civil Procedure that addressed facts material to Defendants' motion for summary judgment.

The admission requests were basic and unambiguous.  This Motion addresses eleven of the Admission Requests that Plaintiff objected to and denied.  (Deposition of Plaintiff at Ex. 9 (hereinafter "Dep. Plaintiff at ___") (cited pages are attached as Exhibit A).  At Plaintiff's deposition, Plaintiff admitted to each of these eleven admission requests.  (Dep. Plaintiff at 76-83).  When asked why he did not admit the requests when presented to them, Plaintiff could not explain the reason.  (Dep. Plaintiff at 83).  Finally, more than a month has passed since the deposition and Plaintiff has not amended the improper admission denials.

Prior to filing this Motion, Plaintiff was advised of this Motion and asked to reconsider his objections.  Plaintiff asked for additional time to review the issue, but ultimately stated that Plaintiff was standing by all of his objections.  Plaintiff's position is contrary to Rule 37 and Plaintiff's own deposition testimony.

Rule 37(c)(2) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay

the reasonable expenses, including attorney's fees, incurred in making that proof." In this matter, each of the admission requests have been proven true through Plaintiff's deposition. Accordingly, this Court should deem each of the admissions admitted and order Plaintiffs to pay Defendant's reasonable expenses, including attorney's fees, in making the proof to prove the admissions true and filing this Motion. *See Broadcast Music, Inc. v. Marshall*, No. 77-40087, 1978 U.S. Dist. LEXIS 14044, *3-4 (E.D. Mich. Dc. 4, 1978) (improper admission responses were deemed admitted for purposes of summary judgment).

## II.    RELEVANT FACTS

Defendants issued 20 Requests for Admissions during the course of discovery. (Dep. Plaintiff at Ex. 9). Plaintiff admits that he reviewed the Requests for Admission and provided his counsel with answers. (Dep. Plaintiff at 76).

Plaintiff denied eleven of the Admission Requests that he admitted were true and understandable at his deposition. (Dep. Plaintiff at Ex. 9 and 76-83). The eleven Admission Requests are below:

> **REQUEST FOR ADMISSION NO. 1**
>
> Admit that Rae-Ann's policies prohibited discrimination.
>
> **ANSWER:**
>
> **Objection. Seeks a legal**
>
> **conclusion. Deny.**
>
> **REQUEST FOR ADMISSION NO. 2**
>
> Admit that Rae-Ann's policies prohibited harassment.

**ANSWER:**

**Objection. Seeks a legal**

**conclusion. Deny.**

REQUEST FOR ADMISSION NO. 3

Admit that in your position with Rae-Ann that you were required to comply

with Rae-Ann's anti-discrimination policy.

**ANSWER:**

**Objection. Vague, ambiguous, misleading, and seeks a legal**

**conclusion. Deny. Plaintiff was not afforded any such**

**opportunities.**

REQUEST FOR ADMISSION NO. 5

Admit that you understood that Rae-Ann's policies prohibited religious discrimination.

**ANSWER:**

**Objection. Vague, ambiguous, misleading, and seeks a legal**

**conclusion. Deny.**

REQUEST FOR ADMISSION NO. 6

Admit that you understood that you had complaint procedures available to you at Rae-Ann.

**ANSWER:**

**Objection. Vague, ambiguous, misleading, and seeks a legal conclusion. Deny.**

REQUEST FOR ADMISSION NO. 7

Admit that Sue never made any negative comments about your Faith to you.

ANSWER:

**Objection. Vague, ambiguous, and misleading. Deny.**

REQUEST FOR ADMISSION NO. 8

Admit that John never made any negative comment about your Faith to you.

ANSWER:

**Objection. Vague, ambiguous, and misleading. Deny.**

REQUEST FOR ADMISSION NO. 9

Admit that none of Rae-Ann's employees made any negative comment about your Faith to you.

ANSWER:

**Objection. Vague, ambiguous, and misleading. Deny.**

REQUEST FOR ADMISSION NO. 15

Admit that Rae-Ann is no longer in operation.

ANSWER:

**Objection: Vague, ambiguous, misleading, and seeks a legal conclusion. Plaintiff can neither confirm nor deny for want of knowledge, lack of information, or otherwise, the statements contained in the above request for admission.**

**REQUEST FOR ADMISSION NO. 19**

Admit that Sue was an owner of Rae-Ann.

**ANSWER:**

**Objection: Vague, ambiguous, misleading, and seeks a legal conclusion.**

**Plaintiff can neither confirm nor deny for want of knowledge, lack of information, or otherwise, the statements contained in the above request for admission.**

**REQUEST FOR ADMISSION NO. 20**

Admit that John was an owner of Rae-Ann.

**ANSWER:**

**Objection: Vague, ambiguous, misleading, and seeks a legal conclusion.**

**Plaintiff can neither confirm nor deny for want of knowledge, lack of information, or otherwise, the statements contained in the above request for admission.**

(Dep. Plaintiff at Ex. 9) (emphasis in original).

When deposed, Plaintiff confirmed each of these admission requests were true and should have been admitted. (Dep. Plaintiff at 76-83). The deposition testimony that confirms the admissions each of these requests is below:

- Request for Admission No. 1: Plaintiff confirmed that Rae-Ann's employee handbook prohibited discrimination. (Dep. Plaintiff at 76).

- Request for Admission No. 2:  Plaintiff confirmed that Rae-Ann's employee handbook prohibited harassment.  (Dep. Plaintiff at 77);

- Request for Admission No. 3:  Plaintiff admitted that he was required to comply with Rae-Ann's discrimination policy.  (Dep. Plaintiff at 77);

- Request for Admission No. 5:  Plaintiff admits that Rae-Ann's employee handbook prohibited religious discrimination.  (Dep. Plaintiff at 77);

- Request for Admission No. 6:  Plaintiff admits that Rae-Ann's employee handbook provided him with complaint procedures. (Dep. Plaintiff at 80);

- Request for Admission No. 7:  Plaintiff admitted that Sue Griffiths did not make any negative comments about Plaintiff's religion.  (Dep. Plaintiff at 81) (Q. And nobody at Rae-Ann ever made any negative comments about your religion during your employment at Rae-Ann, correct?  A Correct);

- Request for Admission No. 8:  Plaintiff admitted that John Griffiths did not make any negative comments about Plaintiff's religion.  (Dep. Plaintiff at 81)(Q.  And nobody at Rae-Ann ever made any negative comments about your religion during your employment at Rae-Ann, correct?  A Correct);

- Request for Admission No. 9:  Plaintiff admitted that no Rae-Ann employee made any negative comments about Plaintiff's religion.  (Dep. Plaintiff at 81)(Q.  And nobody at Rae-Ann ever made any negative comments about your religion during your employment at Rae-Ann, correct?  A Correct);;

- Request for Admission No. 15: Plaintiff admitted that Rae-Ann "sold" its assets. (Dep. Plaintiff at 81);

- Request for Admission No. 19: Plaintiff admitted that Sue Griffiths is an owner of Rae-Ann. (Dep. Plaintiff at 81-82); and

- Request for Admission No. 20: Plaintiff admits that John Griffiths is an owner of Rae-Ann. (Dep. Plaintiff at 82).

When asked why he did not admit them when requested, Plaintiff could not provide an explanation. (Dep. Plaintiff 83).

Prior to filing this Motion, Defendant's counsel reached out to Plaintiff's counsel to address the issue. (Declaration of Counsel attached as Exhibit B). Plaintiff's counsel was advised of the admission requests at issue and Plaintiff's deposition testimony. (Declaration of Counsel). Plaintiff was given extra time to consider the issue. (Declaration of Counsel). However, Plaintiff stood by all of the denials without reference to Plaintiff's deposition testimony set forth above. (Declaration of Counsel).

### III. ARGUMENT

#### A. The Admission Requests Are Proper Under Rule 36.

This lawsuit arises out of Plaintiff's claim that Defendants discriminated against him based on his religion. In addition, Plaintiff has named two individual Defendants, claiming that they have somehow aided and abetted Rae Ann in discriminating against Plaintiff based on Plaintiff's religion.

Rule 36 permits admission requests that address facts, the application of law to fact, or opinions about either.  Fed.R.Civ.P. 36(a)(1)(A).  In this matter, the eleven admission requests at issue in this Motion address facts that are material to Defendants' motion for summary judgment:

- Rae-Ann's written policies;
- Rae-Ann's complaint procedures;
- Direct evidence of religious discrimination;
- Whether Rae-Ann was still in operation; and
- The relationship of the individual defendants to Rae-Ann.

(Dep. Plaintiff at Ex. 9).

All of these facts are material to Plaintiff's claims and Defendants' motion for summary judgment.  In addition, the questions were proper – Plaintiff's counsel did not object when the questions were asked at the deposition.  Accordingly, the eleven admission requests are proper under Rule 36.

      **B.**     **Rule 37(c)(2) Requires That The Admissions Be Deemed Admitted.**

This lawsuit is based on Plaintiff's claim of religious discrimination.  The objections above are improper.  Moreover, Plaintiff freely admitted each of the requests when presented them in his deposition.

Defendants should not have had to depose Plaintiff on the admissions in order to prove the facts – each request was simple, straightforward and readily subject to an admit or deny.  Moreover, a deposition leaves the admission open and it does not permit Defendants to present the

admitted truths to the jury.  Finally, even after being told of this Motion and seeing Plaintiff's deposition testimony, Plaintiff has stood by his objections.

Rule 37(c)(2) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."  In this matter, each of the admission requests set forth above have been proven true through discovery. Accordingly, this Court should deem each of the admissions admitted and order Plaintiff to pay Defendants' reasonable expenses, including attorney's fees, in making the proof to prove the admissions true and filing this Motion. *See Broadcast Music, Inc. v. Marshall*, No. 77-40087, 1978 U.S. Dist. LEXIS 14044, *3-4 (E.D. Mich. Dc. 4, 1978) (improper admission responses were deemed admitted for purposes of summary judgment); *see also Broas v. Music, Inc. v. Leyland Co., LLC*, No. 5:11CV2264, 2012 U.S. Dist. LEXIS 166344, *4 (N.D. Ohio Nov. 21, 2012) (admissions deemed admitted may serve as factual basis for purpose of summary judgment); *EEOC v. Sacco*, 102 F.Supp.2d 413, 421 (E.D. Mich. 2003) (payment of attorneys' fees appropriate for noncompliant admission responses).

## IV. CONCLUSION

Based on the above-cited arguments and authorities, Defendants' Motion should be granted, the above eleven admissions should be deemed admitted for Plaintiff, and Defendants should be awarded reasonable expenses, including attorney's fees, in making the proof to prove the admissions true and filing this Motion.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Stephen L. Miller (0101656)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
Stephen.Miller@lewisbrisbois.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2023, the foregoing was filed through the Court's CM/ECF electronic filing system, which will provide service to Defendants' counsel of record.

                                                    */s/ David A. Campbell*
                                                  David A. Campbell (0066494)

                                                  *One of the Attorneys for Defendants*