# EXHIBIT A

Page 1

1              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF OHIO
2                      EASTERN DIVISION
3
    MIRDUH SPAHIJA,               )
4                                 )
              Plaintiff,          )
5                                 )
          vs.                     ) Case No. 1:22-cv-01986
6                                 )
    RAE-ANN HOLDINGS, INC.,       )
7   ET AL.,                       )
                                  )
8              Defendant(s).  )
9                        - - - - -
10           ZOOM DEPOSITION OF MIRDUH SPAHIJA
                  Wednesday, July 12, 2023
11
                         - - - - -
12
    Zoom deposition of MIRDUH SPAHIJA, called by the
13
    Defendants for cross-examination under the Federal
14
    Rules of Civil Procedure, taken before me, the
15
    undersigned, Lorraine Litvin, a Notary Public in and
16
    for the State of Ohio, at Cleveland, Ohio, commencing
17
    at 9:08 a.m. the day and date above set forth.
18
                         - - - - -
19
20
21
22
23
24
25

Page 76

1                          - - - - -

2                    (Defendant's Exhibit 9 was

3                    marked for identification.)

4                          - - - - -

5   Q    I'm going to take you to Exhibit 9, your

6   discovery responses.  Let me ask you a couple

7   questions about it.  Can you see my screen?

8   A    Yes.

9   Q    Do you recall reviewing some discovery requests

10  from Rae-Ann in this matter and giving answers?

11  A    Yes.

12  Q    Okay.  Let me take you to some of those answers.

13  I want to ask you a little bit about do you recall

14  reviewing some requests for admissions?

15  A    Say it again.

16  Q    Do you recall reviewing some requests for

17  admissions?

18  A    Yes.

19  Q    Let me take you through them.  We looked at the

20  employee handbook and we can agree that Rae-Ann's

21  policies prohibited discrimination, right?

22  A    Yes.

23                    MR. TAYEH:  Objection.

24  Q    Can you answer?

25  A    Yes.

Page 77

1   Q    Okay.  And I saw that after you were let go you

2   asked for your personnel file.  You had a copy of the

3   employee handbook after you were terminated, right?

4   A    Did I have a handbook after I was terminated?

5   Q    Yes.  You had the salary handbook that your

6   attorney asked for and received, right?

7   A    No, I didn't have that in my possession.

8   Q    Okay.  Do you agree that that handbook prohibits

9   harassment based on religion or other protected

10  categories?

11                  MR. TAYEH:  Objection.

12  A    Yes.

13  Q    In your position you were required to comply with

14  the anti-discrimination policy, right?

15  A    Yes.

16  Q    Okay.  And then when it says aware of your faith,

17  your faith is what?  It's the Islam religion, correct?

18  A    Yes.

19  Q    When you asked for the Ramadan time off, your

20  testimony is that's the first time you raised your

21  Islam religion with anybody at Rae-Ann, is that right?

22  A    Yes.

23  Q    Okay.  And when you raise Ramadan, are you saying

24  that they knew then that you were practicing Islam?

25  A    I sent an email.  It's obvious I'm confirming my

1    religion.  It's obvious.

2    Q    I guess I would say if someone is reading it they

3    should understand Ramadan is Islam?  I don't

4    understand.

5    A    Of course.

6    Q    Okay.  That's your view that if somebody reads

7    Ramadan that they should understand you're practicing

8    Islam, is that right, sir?

9    A    Yes.

10   Q    Prior to 2001 when you started practicing Islam

11   would you have known?  If somebody said:  I'm going to

12   take time off for Ramadan, would you have known what

13   their religion was?

14   A    Sure.  You always do.

15   Q    You always do.  Do you think somebody who is not

16   Muslim always knew?

17                   MR. TAYEH:  Objection.  Don't

18             answer that.

19                   MR. CAMPBELL:  How is he not

20             going to answer that?

21                   MR. TAYEH:  That's a silly

22             question.  How would he know what

23             someone else is thinking or what

24             someone would know?

25                   MR. CAMPBELL:  I can ask him

Page 79

1          silly questions.  I don't think you

2          can object on that and tell him-

3               MR. TAYEH:  I disagree.

4               MR. CAMPBELL:  You're telling

5          him not to answer?

6               MR. TAYEH:  Do you want to be

7          more specific with your question and

8          maybe ask him --

9               MR. CAMPBELL:  I don't know how

10         else to be more specific.

11             MR. TAYEH:  You're asking

12         anyone?

13             MR. CAMPBELL:  I'm asking how

14         somebody who is not Muslim would

15         understand that practicing Ramadan

16         meant that you were practicing Islam

17         religion.

18             MR. TAYEH:  We're not going to

19         get into back and forth.  If you have

20         specific questions as to whether he

21         thinks someone specifically knew

22         that, that's fine.

23            MR. CAMPBELL:  Look, Ziad, if

24         you're telling him not to answer, say

25         it.  I'm not here to have you

Page 80

1              testify.

2                   MR. TAYEH:  You ask a question.

3                   MR. CAMPBELL:  I already asked

4              it.

5    Q   Sir, do you think somebody who is not Muslim

6    would understand that when you said you needed time

7    off for Ramadan understand that you were practicing

8    the Islamic religion?

9                   MR. TAYEH:  Objection.  Same

10             instruction.  Don't answer.

11                  MR. CAMPBELL:  You're telling

12             him not to answer?  You're absolutely

13             remarkable.

14   Q   Sir, when we looked at the handbook do you recall

15   that it said that religious discrimination was

16   prohibited?

17   A   Yes.

18   Q   And did you understand that if you had an issue

19   you could go to John or Sue Griffiths during your

20   employment at Rae-Ann?

21   A   Yes.

22   Q   Did you understand that there was a human

23   resources department at Rae-Ann?

24   A   Yes.

25   Q   And I already asked you, Sue never made any

Page 81

1   negative comments about your religion, did she,

2   correct?

3   A    Not until the day I got fired, which that's a

4   statement in itself.

5   Q    Okay.  She didn't make a negative comment about

6   Islam during your discharge, correct?

7   A    No.  Correct.

8   Q    And John Griffiths never made any negative

9   comments about Islam during your employment at

10  Rae-Ann, right?

11  A    Yes.  Correct.

12  Q    And nobody at Rae-Ann ever made any negative

13  comments about your religion during your employment at

14  Rae-Ann, correct?

15  A    Correct.

16  Q    As to the complaint, did you ever complain during

17  your employment at Rae-Ann about any discrimination?

18  A    No.

19  Q    Do you know if Rae-Ann is operating today?

20  A    I'm presuming it is.

21  Q    It is or is not?

22  A    It is sold.  I'm presuming it's still operating

23  but not under the same ownership.

24  Q    Do you know if Sue Griffiths was an owner of

25  Rae-Ann?

Page 82

1   A     Yes.

2   Q     Do you know if John Griffiths was an owner of

3   Rae-Ann?

4   A     Yes.

5   Q     Okay.  These admissions are all pretty straight

6   forward.  Why did I have to take your deposition to

7   get those answers?

8                    MR. TAYEH:  Objection.  Do you

9             want to ask a real question?

10                   MR. CAMPBELL:  Ziad, we give

11            admissions so I don't have to go

12            through hours of deposition to get

13            answers that should have been

14            admitted.

15                   MR. TAYEH:  If you have a

16            question, please ask it.

17                   MR. CAMPBELL:  Yes.

18  Q     Is there any reason I have to go through this

19  deposition to get you to answer those simple

20  questions?

21                   MR. TAYEH:  Objection.

22  Q     Sir?

23  A     Can you repeat the question?

24  Q     Why did I have to come here to the deposition to

25  ask you those simple questions rather than you

Page 83

1   admitting those in writing?

2   A    Are you asking an answer?

3   Q    Yes.  I asked you whether you admitted those and

4   you have admitted in your deposition but you did not

5   in writing.  Why?

6   A    What do I know in your head?  I don't know what

7   you are thinking.  You are asking why or something?

8   Q    Sir, I just went through those questions and you

9   gave me very simple answers, that they were truthful,

10  and you did not do that in writing.  Why not?  What

11  was in your head?

12                  MR. TAYEH:  Objection.  The

13              objections are noted in the

14              admissions.

15                  MR. CAMPBELL:  Are you telling

16              him he's not allowed to answer?

17                  MR. TAYEH:  I'm not telling him

18              not to answer.  I don't know how he

19              would answer.

20  Q    Why didn't you just admit it when you had it in

21  writing when you were responding, sir?

22  A    Why didn't I admit when I was reading those?

23  Q    Yes.

24  A    I don't know.  I don't recall.

25                  MR. CAMPBELL:  Okay.  Let's take

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MIRDUH SPAHIJA,                    :
                                   :       CASE NO.: 1:22-cv-01986
            Plaintiff,             :
      v.                           :       JUDGE: Donald C. Nugent
                                   :
RAE-ANN HOLDINGS, INC., ET AL.     :
                                   :
      Defendants.                  :

**PLAINTIFF' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION, AND FIRST REQUESTS FOR ADMISSIONS**

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all persons answering or contributing to the answers to these interrogatories.

**ANSWER**:

**Plaintiff Mirduh Spahija, with the assistance of the counsel.**

**INTERROGATORY NO. 2:**

Identify all persons with whom you have communicated or whom you have contacted regarding the allegations contained in the Complaint and state when you communicated with or contacted such persons.

**ANSWER**:

**Objection. Attorney-client privilege. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Also, this Interrogatory improperly seeks a narrative response best asked at deposition. *Noakes v. Case W. Rsrv. Univ.*, N.D.OHIO No. 1:21-CV-01776-PAB, 2022 U.S. Dist. Without waiving said objection, Plaintiff provides the following response:**

**Plaintiff communicated with Defendants. Also, Plaintiff communicated with the following individuals after his termination date:**

EXHIBIT
9

- **Chris Canton, Defendant Rae-Ann Holding's employee**
- **Lena Parks, Barnes & Wendling CPAs Inc.'s employee – Defendant Rae-Ann Holdings' auditor**

**INTERROGATORY NO. 3:**

Identify all communications you have had with Rae-Ann's current employees, former employees, or agents regarding the allegations contained in the Complaint and state the persons you communicated with, the form of the communication, the substance of the communication, and the date of the communication.

**ANSWER**:

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe. Also, this Interrogatory improperly seeks a narrative response best asked at deposition.** *Noakes v. Case W. Rsrv. Univ.***, N.D.OHIO No. 1:21-CV-01776-PAB, 2022 U.S. Dist.  Without waiving said objection, Plaintiff provides the following response:**

**Plaintiff communicated with Chris Canton, Rae-Ann Holding's employee, after his termination date.**

**INTERROGATORY NO. 4:**

Identify the name, work and home address, telephone number, and e-mail address of all individuals who have knowledge about the facts and circumstances referenced in the Complaint, including a summary of the facts known to each individual identified.

**ANSWER**:

**Objection. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:**

- **Plaintiff**
- **Defendants**
- **Chris Canton, Rae-Ann Holding's employee**
- **Lena Parks, Barnes & Wendling CPAs Inc.'s employee**

2

- **Any individual/company identified during discovery.**

**INTERROGATORY NO. 5:**

State whether you have obtained any oral, written, transcribed, or recorded statement from any person with knowledge of the facts relating to the allegations contained in the Complaint or Defendants, and, if so, identify the person who obtained the statement, the person from whom the statement was obtained, the date the statement was obtained, and describe the content of the statement.

**ANSWER**:

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe. Also, this Interrogatory improperly seeks a narrative response best asked at deposition.** *Noakes v. Case W. Rsrv. Univ.***, N.D.OHIO No. 1:21-CV-01776-PAB, 2022 U.S. Dist. Without waiving said objection, Plaintiff provides the following response:**

**None.**

**INTERROGATORY NO. 6:**

State whether you kept any diaries, journals, calendars, day planners, organizers, notebooks, recordings, or any other documentation, either written or verbal, during your employment with Rae-Ann or subsequent thereto.  If so, state the dates covered by the applicable documentation, the subject matter of the documentation, and the location of the documentation.

**ANSWER:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**Recording of PRF session with instructions for reporting HRSA funds and avoiding any accidental double dipping.**
**Also, see attached Auditors' Reports, Governance Letter, email, and text messages.**

**INTERROGATORY NO. 7:**

If you have ever been a party or a witness to any administrative charge, grievance, arbitration, lawsuit, or other legal proceeding, aside from this lawsuit, including any bankruptcy proceeding, please identify the name(s) of the parties, the court or agency in which the proceeding or charge was filed, the date it was filed, the subject of the charge or proceeding, and your role in the action.

**ANSWER:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe. Without waiving said objection, Plaintiff provides the following response:**

- **CV-16-868335 Mirduh Spahija vs. Islamic Center of Cleveland, et al.**

**INTERROGATORY NO. 8:**

If you have ever been arrested or convicted of a criminal offense (including misdemeanors), for each such circumstance state the date of the arrest/conviction and the name of the arresting/convicting entity.

**ANSWER:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, pursuant to Fed. Evid. R. 609. Without waiving said objection, Plaintiff provides the following response:**

**No.**

**INTERROGATORY NO. 9:**

Identify all persons whom you intend to call as witnesses at any trial or hearing of this action, and, for each, describe the expected subject matter of each person's testimony.

**ANSWER:**

**Objection. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:**

**Plaintiff, Defendants, Defendants' employees (Chris Canton, Joyce, and Vicky), Robert Covenie, successors of Defendant Rae-Ann, and Barnes & Wendling CPAs Inc.'s employees: Lena Parks and Helen Weber.**

**INTERROGATORY NO. 10:**

Identify and describe all documents you intend to rely upon or use as an exhibit in any motion,

hearing, or trial in this action.

**ANSWER:**

**Objection. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:**

**See attached documents, including but not limited to emails, text messages, Plaintiff's performance review dated September 23, 2021, EEOC documents, Plaintiff's auditing responsibilities, Rae-Ann HUD Governance Letter, HUD audited financial statements, tax returns, W2 and 1099 Forms, letter from Cleveland Muslim Community Center, and Indeed records.**

**INTERROGATORY NO. 11:**

Identify every employer, aside from Rae-Ann, for whom you have worked from January 1, 2020

to the present (including any employers you worked for while employed Rae-Ann and those you

worked for after Rae-Ann), and for each such employer state your dates of employment, the

position you held, the name, address and telephone number of the employer, the name of your

supervisor, and the reason for your termination, layoff, or resignation.

**ANSWER**:

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

5

- **Leasehold Accounting Analyst Eaton Corporation - Beachwood, OH; November 2019 to March 2021; Fred Weimer, supervisor; fixed term employment contract.**
- **Iconic Labs.; March 2021 to April 2021; termination.**
- **Financial Controller Rae-Ann Holdings, Inc. - Bay Village, OH; April 2021 to April 2022; termination.**
- **Contractor-part time bookkeeper Lee Silsby; March 2022 to present;**
- **Progressive Quality Care; June 2022 to October 2022; termination.**

**INTERROGATORY NO. 12:**

If you seek economic damages, describe <u>with specificity</u> any economic damage that you allege you have suffered as a result of the actions of Defendants, indicating the nature of the economic damage and your calculation of the amount of each item of economic damage.

**ANSWER**:

**Objection. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:**

**Plaintiff has suffered significant losses, including, but not limited to, lost income, health insurance, HSA contributions, compensation for paid time off, other fringe benefits, attorney fees, and punitive damages in an amount to be determined.**

**Plaintiff will supplement with calculations from an expert.**

**INTERROGATORY NO. 13:**

If you seek non-economic damages, describe <u>with specificity</u> any non-economic damage that you allege you have suffered as a result of the actions of Defendants, indicating the nature of the non-economic damage and your calculation of the amount of each item of non-economic damage.

**ANSWER**:

**Objection. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:**

**Plaintiff has suffered serious stress and emotional damage, in an amount to be determined.**

**INTERROGATORY NO. 14:**

Describe <u>with specificity</u> any income, whether wages or 1099 income, you have earned since January 1, 2020. The description should include the employer, entity, or individual making the payment, the reason for the payment, and the identities of any employers.

**ANSWER**:

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**See attached tax returns, W2 Form, and 1099 Form.**

**INTERROGATORY NO. 15:**

State whether you have employed, obtained, or expect to use any person as an expert witness in this lawsuit. If so, identify each person whom you expect to use as an expert witness, and describe the field of expertise in which each such expert witness is expected to testify, the qualifications of such expert witness, the substance of the facts and opinions to which each person named above as an expert witness is expected to testify, and provide a summary of the grounds for each opinion to be provided by each person named above as an expert witness.

**ANSWER:**

**Objection. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:**

**Plaintiff will supplement.**

**INTERROGATORY NO. 16:**

If you seek non-economic damages, identify each doctor, psychiatrist, social worker, therapist, counselor, or health care provider whom you have consulted or received treatment from at any

time for any mental pain or anguish and complete and sign a copy of the attached HIPAA Compliant Medical Release for each such medical or other professional.

**ANSWER:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe. Also, as discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:**

**Plaintiff seeks non-economic damages, but he has not received treatment for his emotional distress. Medical authorization will not be produced.**

**INTERROGATORY NO. 17:**

Identify any person who you consulted with or sought advice from for requesting the Accommodation Request and for each such person state the dates of your consultations with the person, and the substance of the consultation with the person.

**ANSWER:**

**Objection: Vague and ambiguous. This Interrogatory improperly seeks a narrative response best asked at deposition. *Noakes v. Case W. Rsrv. Univ.*, N.D.OHIO No. 1:21-CV-01776-PAB, 2022 U.S. Dist.  Without waiving said objection, Plaintiff provides the following response:**

**See attached correspondence with Defendants.**

**INTERROGATORY NO. 18:**

Identify the amount and source of income received by or accruing to you from January 1, 2020, through the conclusion of this lawsuit, including, but not limited to, income earned from employment, unemployment and workers' compensation documents, and state or federal welfare or disability benefits documents.

**ANSWER:**

**Objection. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Also, this Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe. Without waiving said objection, Plaintiff provides the following response:**

**See attached tax returns, W2 Form, and 1099 Form.**

**INTERROGATORY NO. 19:**

Describe the efforts that you have taken to find employment outside of Rae-Ann since April 5, 2022.

**ANSWER:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe. Also, this Interrogatory improperly seeks a narrative response best asked at deposition. *Noakes v. Case W. Rsrv. Univ.*, N.D.OHIO No. 1:21-CV-01776-PAB, 2022 U.S. Dist.  Without waiving said objection, Plaintiff provides the following response:**

**See attached Indeed Records for October 2022 – February 2023. Indeed Records for April-May 2022 are not in Plaintiff's possession because Indeed keeps only the most recent six months under Plaintiff's profile.**

**INTERROGATORY NO. 20:**

Identify all employers that you applied for employment with, interviewed with, or were offered employment by since the date that your employment with Rae-Ann ended.  The identification should include the date that the action took place, the name of the employer, and the position sought or offered.

**ANSWER:**

**See Response to Interrogatory No. 19.**

**INTERROGATORY NO. 21:**

Identify all documents that you contend support, refer, reflect or relate to your Faith.

**ANSWER**:

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe. Without waiving said objection, Plaintiff provides the following response:**

**Plaintiff has been Muslim his entire life and is a known Muslim in his community. Plaintiff is a member of Islamic Center of Cleveland. See attached Letter from Cleveland Muslim Community Center.**

**INTERROGATORY NO. 22:**

Identify the name, work and home address, telephone number, and e-mail address of all individuals who have knowledge about the facts and circumstances regarding your Faith, including a summary of the facts known to each individual identified.

**ANSWER**:

**See Response to Interrogatory No. 21.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents that refer, reflect, or relate to your employment with Rae-Ann, including your job duties and responsibilities, benefits and compensation, training or orientation, and any of your activities during the course of your employment with Rae-Ann, or your separation from employment with Rae-Ann.

**RESPONSE:**

**Objection. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:**

**See attached documents: emails, text message, auditing responsibilities, Rae-Ann HUD Governance Letter, Rae-Ann HUD Audited Financial statements, EEOC documents, letter from Cleveland Muslim Community Center, Indeed records, tax returns, W2 Form, and 1099 Form.**

**REQUEST FOR PRODUCTION NO. 2:**

All documents that refer, reflect, or relate to the Accommodation Request, Defendants' response to the Accommodation Request, and the creation of the Accommodation Request.

**RESPONSE:**

**Objection. Vague and ambiguous. Also, as discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:**

**See attached emails between Plaintiff and Defendants.**

**REQUEST FOR PRODUCTION NO. 3:**

All documents that refer, reflect, or relate to your Faith, including any documents reflecting any house of worship that you have attended, any religious rites that you have received, any religious documents you have obtained from your religious studies, and documents reflecting advice you sought for the Accommodation Request.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**See attached Islamic Center of Cleveland letter. Also see Response to Interrogatory No. 21.**

**REQUEST FOR PRODUCTION NO. 4:**

All documents retained on your computer(s), electronic storage device (hard drive, pin drive, etc.) cellular-telephone(s), smartphone, and personal digital assistant(s) (e.g., Palm Pilot, BlackBerry, etc.), including, but not limited to, e-mails, instant messages, or text messages between you and any other person referring, reflecting or relating to your employment with Rae-Ann, your separation from employment with Rae-Ann, or the allegations contained in your Complaint.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**See Response to RPD No. 1. Text messages with Chris Canton are not in Plaintiff's possession.**

**REQUEST FOR PRODUCTION NO. 5:**

All documents retained on your computer(s), electronic storage device (hard drive, pin drive, etc.) cellular-telephone(s), smartphone, and personal digital assistant(s) (e.g., Palm Pilot, BlackBerry, etc.), including, but not limited to, e-mails, instant messages, or text messages between you and any other person referring, reflecting or relating to your Faith.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**REQUEST FOR PRODUCTION NO. 6:**

Produce each and every calendar, journal, diary, notation, or any other document, including electronic documents and e-mails, in which you recorded information relating to Defendants, your employment with Rae-Ann, any allegation in the Complaint, or any claimed item of damage.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**See RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 7:**

All documents that you believe refer, reflect, or relate to the Accommodation Request.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**See attached emails between Plaintiff and Defendants.**

**REQUEST FOR PRODUCTION NO. 8:**

All documents that you believe refer, reflect, or relate to Count One of the Complaint.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 9:**

All documents that you believe refer, reflect, or relate to Count Two of the Complaint.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 10:**

All documents that you believe refer, reflect, or relate to Count Three of the Complaint.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 11:**

All documents that you believe refer, reflect, or relate to communications you have had regarding the Accommodation Request.

**RESPONSE:**

**See Response to RPD No. 7.**

**REQUEST FOR PRODUCTION NO. 12:**

All documents that you believe refer, reflect, or relate to communications regarding your Faith.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 13:**

All documents that you believe refer, reflect, or relate to communications regarding the termination of your employment with Rae-Ann.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 14:**

All documents that you believe refer, reflect, or relate to communications regarding your claims against Sue.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 15:**

All documents that you believe refer, reflect, or relate to your claims against Sue.

14

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 16:**

All documents that you believe refer, reflect, or relate to communications regarding your claims

against John.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 17:**

All documents that you believe refer, reflect, or relate to your claims against John.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications referring, reflecting, or relating to any employment or

positions you have sought since April 5, 2022.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**See attached Indeed records.**

**REQUEST FOR PRODUCTION NO. 19:**

All declarations, affidavits, or sworn or unsworn statements from any individual you consider or

believe to have knowledge relevant to the claims in your Complaint.

**RESPONSE:**

**Objection. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District**

15

Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:

**None.**

**REQUEST FOR PRODUCTION NO. 20:**

All documents or other tangible items that refer, reflect, or relate to any efforts you have taken to secure employment or work since the ending of your employment with Rae-Ann, including but not limited to unemployment compensation applications and materials, employment applications, resumes and communications between you and prospective employers.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**See attached Indeed records and 1099 Form.**

**REQUEST FOR PRODUCTION NO. 21:**

All documents that refer, reflect, or relate to the amount and source of income received by or accruing to you from January 1, 2020 through the conclusion of this lawsuit, including, but not limited to, federal and state income tax returns, W-2 forms, payroll check stubs, bank deposit slips, bank statements, unemployment and workers' compensation documents, and state or federal welfare or disability benefits documents.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**See attached tax returns, W2 Form, and 1099 Form.**

**REQUEST FOR PRODUCTION NO. 22:**

All documents which refer, reflect, or relate to each item of damages that you allege was caused by the actions of Defendants, or any of Rae-Ann's agents, including, without limitation, any documents concerning attorneys' fees for this action.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 23:**

All documents you have transmitted to or received from any federal, state or local governmental or administrative entity, that refer, reflect or relate to Defendants, any allegation in the Complaint, or any claimed item of damage.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**See attached EEOC documents.**

**REQUEST FOR PRODUCTION NO. 24:**

All documents that you receive in response to any subpoena that you issue in this case.

**RESPONSE:**

**As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:**

**None.**

**REQUEST FOR PRODUCTION NO. 25:**

All documents that refer or relate to any other charges, complaints, grievances, arbitrations, lawsuits, or other legal proceedings that you have filed, or in which you have ever been involved, including, but not limited to, any document(s) indicating the identity of your attorney(s) in that matter, the attorney(s) for the opposing parties in that matter, any pleadings or other documents filed with the Court in that matter and any deposition transcripts in that matter.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant, reasonably calculated to lead to the discovery of admissible evidence, nor confined to a reasonable timeframe.**

**See public dockets.**

**REQUEST FOR PRODUCTION NO. 26:**

All documents that refer, reflect, or relate to any prior criminal conviction or criminal record including, but not limited to, any document(s) indicating the type of offense committed, any pleadings or other documents filed with the Court in that matter, and any document indicating any fine or prison sentence entered against you.

**RESPONSE:**

**Objection. This Interrogatory is overly broad and unduly burdensome in that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, pursuant to Fed. Evid. R. 609. Without waiving said objection, Plaintiff provides the following response:**

**None.**

**REQUEST FOR PRODUCTION NO. 27:**

All documents sent to or received from any experts for purposes of or related to this action, including, but not limited to, expert reports, opinion letters, or any documents reviewed or relied upon by the experts.

**RESPONSE:**

**Objection. As discovery is ongoing, Plaintiff reserves the right to supplement the response to this request in accordance with the Federal Rules of Civil Procedure, United States District Court Northern District of Ohio Local Civil Rules, and orders of the Court. Without waiving said objection, Plaintiff provides the following response:**

**Plaintiff will supplement.**

**REQUEST FOR PRODUCTION NO. 28:**

For each expert witness you have retained in connection with this action, such witness's curriculum vitae.

**RESPONSE:**

**See Response to RPD No. 27.**

**REQUEST FOR PRODUCTION NO. 29:**

All documents that you intend to introduce as exhibits at trial or depositions in this case, or that you intend to use as exhibits to any motion filed in this action.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 30:**

All documents that Plaintiff identified in response to Defendants' Interrogatories that have not been produced in response to any other document request stated herein.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 31:**

All documents that Plaintiff reviewed or relied on in answering Defendants' Interrogatories that have not been produced in response to any other document request stated herein.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 32:**

All documents that Plaintiff relied upon in denying any of Defendants' Admissions that have not been produced in response to any other document request stated herein.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 33:**

All documents that refer, reflect, or relate to any emotional harm that you allege was caused by Defendants' actions.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 34:**

All documents that refer, reflect, or relate to any damages that you allege was caused by Rae-Ann's actions.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 35:**

All documents that refer, reflect, or relate to any damages that you allege was caused by Sue's actions.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 36:**

All documents that refer, reflect, or relate to any damages that you allege was caused by John's actions.

**RESPONSE:**

**See Response to RPD No. 1.**

**REQUEST FOR PRODUCTION NO. 37:**

All documents that refer, reflect, or relate to your communication with Rae-Ann regarding the Accommodation Request.

**RESPONSE:**

**See attached Plaintiff's email sent to Defendants.**

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**

Admit that Rae-Ann's policies prohibited discrimination.

**ANSWER:**

**Objection. Seeks a legal conclusion.**

**Deny.**

**REQUEST FOR ADMISSION NO. 2**

Admit that Rae-Ann's policies prohibited harassment.

**ANSWER:**

**Objection. Seeks a legal conclusion.**

**Deny.**

**REQUEST FOR ADMISSION NO. 3**

Admit that in your position with Rae-Ann that you were required to comply with Rae-Ann's

anti-discrimination policy.

**ANSWER:**

**Objection. Vague, ambiguous, misleading, and seeks a legal conclusion.**

**Deny. Plaintiff was not afforded any such opportunities.**

**REQUEST FOR ADMISSION NO. 4**

Admit that Rae-Ann was not aware of your Faith.

**ANSWER:**

**Objection. Vague, ambiguous, and misleading.**

**Deny.**

**REQUEST FOR ADMISSION NO. 5**

Admit that you understood that Rae-Ann's policies prohibited religious discrimination.

**ANSWER:**

**Objection. Vague, ambiguous, misleading, and seeks a legal conclusion.**

**Deny.**

**REQUEST FOR ADMISSION NO. 6**

Admit that you understood that you had complaint procedures available to you at Rae-Ann.

**ANSWER:**

**Objection. Vague, ambiguous, misleading, and seeks a legal conclusion.**

**Deny.**

**REQUEST FOR ADMISSION NO. 7**

Admit that Sue never made any negative comments about your Faith to you.

**ANSWER:**

**Objection. Vague, ambiguous, and misleading.**

**Deny.**

**REQUEST FOR ADMISSION NO. 8**

Admit that John never made any negative comment about your Faith to you.

**ANSWER:**

**Objection. Vague, ambiguous, and misleading.**

**Deny.**

**REQUEST FOR ADMISSION NO. 9**

Admit that none of Rae-Ann's employees made any negative comment about your Faith to you.

**ANSWER:**

**Objection. Vague, ambiguous, and misleading.**

**Deny.**

**REQUEST FOR ADMISSION NO. 10**

Admit that you never advised Rae-Ann that you subscribed to the Muslim faith during the

Accommodation Request process.

**ANSWER:**

**Objection. Vague, ambiguous, and misleading.**

**Deny.**

**REQUEST FOR ADMISSION NO. 11**

Admit that you never complained of discrimination during your employment with Rae-Ann.

**ANSWER:**

**Objection. Vague, ambiguous, and misleading.**

**Deny.**

**REQUEST FOR ADMISSION NO. 12**

Admit that you do not regularly attend religious sermons.

**ANSWER:**

**Objection. Vague, ambiguous, and misleading.**

**Deny.**

**REQUEST FOR ADMISSION NO. 13**

Admit that you never provided any facts supporting your Faith to Rae-Ann beyond the

Accommodation Request.

**ANSWER:**

**Objection: Vague, ambiguous, and misleading.**

**Deny.**

**REQUEST FOR ADMISSION NO. 14**

Admit that you were treated the same as all other Rae-Ann employees with respect to a request

for leave.

**ANSWER:**

**Objection: Vague, ambiguous, and misleading.**

**Deny.**

**REQUEST FOR ADMISSION NO. 15**

Admit that Rae-Ann is no longer in operation.

**ANSWER:**

**Objection: Vague, ambiguous, misleading, and seeks a legal conclusion.**
**Plaintiff can neither confirm nor deny for want of knowledge, lack of information, or otherwise, the statements contained in the above request for admission.**

**REQUEST FOR ADMISSION NO. 16**

Admit that your employment with Rae-Ann would have ended due to the asset sale.

**ANSWER:**

**Objection: Seeks a legal conclusion.**

**Deny.**

**REQUEST FOR ADMISSION NO. 17**

Admit that your work performance with Rae-Ann was poor.

**ANSWER:**

**Objection: Vague, ambiguous, and misleading.**

**Deny.**

**REQUEST FOR ADMISSION NO. 18**

Admit that Rae-Ann did not replace you.

**ANSWER:**

**Objection: Vague, ambiguous, and misleading.**

**Deny.**

**REQUEST FOR ADMISSION NO. 19**

Admit that Sue was an owner of Rae-Ann.

**ANSWER:**

**Objection: Vague, ambiguous, misleading, and seeks a legal conclusion.**

**Plaintiff can neither confirm nor deny for want of knowledge, lack of information, or otherwise, the statements contained in the above request for admission.**

**REQUEST FOR ADMISSION NO. 20**

Admit that John was an owner of Rae-Ann.

**ANSWER:**

**Objection: Vague, ambiguous, misleading, and seeks a legal conclusion.**

**Plaintiff can neither confirm nor deny for want of knowledge, lack of information, or otherwise, the statements contained in the above request for admission.**

With regard to objections:                         Respectfully submitted:

_/s/Ziad Tayeh_                                    _/s/Ziad Tayeh_
Ziad Tayeh (0088027)                               Ziad Tayeh (0088027)
Tayeh Law Offices, LLC                             Tayeh Law Offices, LLC
22255 Center Ridge Road, Suite 311                 22255 Center Ridge Road, Suite 311
Rocky River, OH 44116                              Rocky River, OH 44116
Phone: 440-580-0365                                Phone: 440-580-0365
Fax: 440-359-8755                                  Fax: 440-359-8755
info@tayehlaw.com                                  info@tayehlaw.com
Attorney for Plaintiff                             Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was delivered by email to the following counsel of record on this 17th day of March 2023:

David A. Campbell
Lewis Brisbois Bisgaard & Smith, LLP
david.a.campbell@lewisbrisbois.com
Attorney for Defendants

*/s/Ziad Tayeh*
Ziad Tayeh (0088027)
Tayeh Law Offices, LLC
Attorney for Plaintiff