**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIRDUH SPAHIJA., | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 1:22-cv-01986 |
| | : | |
| v. | : | JUDGE Donald C. Nugent |
| | : | |
| RAE-ANN HOLDINGS, INC., ET AL. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DEEM CERTAIN ADMISSIONS ADMITTED
AND TO PAY DEFENDANTS REASONABLE ATTORNEY FEES
INCURRED IN PROVING THE ADMISSIONS WERE TRUE**

**I.     INTRODUCTION**

Defendants Rae-Ann Holdings, Inc., ("Rae-Ann"), John Griffiths, and Sue Griffiths (Rae-Ann and the Griffiths are collectively, "Defendants") are seeking to have eleven admission requests deemed admitted based on the deposition testimony of Plaintiff Mirduh Spahija ("Plaintiff"). When faced with simple questions in the admission format, Plaintiff objected to the simple questions. At his deposition, however, Plaintiff was asked each of the 11 admission requests and his testimony made clear that the 11 admission requests were clear, understandable, and, most importantly, true.

Before filing this Motion, Plaintiff's counsel was advised of the 11 admission requests at issue and advised of Plaintiff's deposition testimony. Plaintiff's counsel asked for time to review the issue, but he ultimately advised that Plaintiff was standing on his objections. This Motion was filed and the Brief in Opposition ("Brief") filed by Plaintiff again claims that the admissions are not understandable or otherwise objectionable. As set forth in Defendants' Motion, each of the 11 admissions were understood and admitted by Plaintiff during his deposition. Accordingly, this

1

Court should deem each of the admissions admitted and order Plaintiffs to pay Defendant's reasonable expenses, including attorney's fees, in making the proof to prove the admissions true and filing this Motion. *See Broadcast Music, Inc. v. Marshall*, No. 77-40087, 1978 U.S. Dist. LEXIS 14044, *3-4 (E.D. Mich. Dc. 4, 1978) (improper admission responses were deemed admitted for purposes of summary judgment).

II.     **RELEVANT FACTS**

The 11 admissions, as set forth in Defendants' Motion, are easy to understand.  For example, Request for Admission No. 1 asks a very basic question: "Admit that Rae-Ann's policies prohibited discrimination."  Plaintiff did not admit this Request because he claims that verifying Rae-Ann's policies prohibit discrimination is somehow a legal conclusion.

Similarly, Request for Admission No. 3 asked Rae-Ann's former management employee a simple question: "Admit that in your position with Rae-Ann that you were required to comply with Rae-Ann's anti-discrimination policy."  Plaintiff incredibly denied this request based on an objection that this Request is somehow vague, ambiguous or misleading.

Most telling, when asked at his deposition, Plaintiff understood the questions and confirmed each of these admission requests were true and should have been admitted.  (Dep. Plaintiff at 76-83).  The deposition testimony that confirms the admissions each of these requests is below:

- Request for Admission No. 1:  Plaintiff confirmed that Rae-Ann's employee handbook prohibited discrimination.  (Dep. Plaintiff at 76).

- Request for Admission No. 2:  Plaintiff confirmed that Rae-Ann's employee handbook prohibited harassment.  (Dep. Plaintiff at 77);

2

- Request for Admission No. 3:  Plaintiff admitted that he was required to comply with Rae-Ann's discrimination policy.  (Dep. Plaintiff at 77);

- Request for Admission No. 5:  Plaintiff admits that Rae-Ann's employee handbook prohibited religious discrimination.  (Dep. Plaintiff at 77);

- Request for Admission No. 6:  Plaintiff admits that Rae-Ann's employee handbook provided him with complaint procedures. (Dep. Plaintiff at 80);

- Request for Admission No. 7:  Plaintiff admitted that Sue Griffiths did not make any negative comments about Plaintiff's religion.  (Dep. Plaintiff at 81) (Q. And nobody at Rae-Ann ever made any negative comments about your religion during your employment at Rae-Ann, correct?  A Correct);

- Request for Admission No. 8:  Plaintiff admitted that John Griffiths did not make any negative comments about Plaintiff's religion.  (Dep. Plaintiff at 81)(Q.  And nobody at Rae-Ann ever made any negative comments about your religion during your employment at Rae-Ann, correct?  A Correct);

- Request for Admission No. 9:  Plaintiff admitted that no Rae-Ann employee made any negative comments about Plaintiff's religion.  (Dep. Plaintiff at 81)(Q.  And nobody at Rae-Ann ever made any negative comments about your religion during your employment at Rae-Ann, correct?  A Correct);

- Request for Admission No. 15:  Plaintiff admitted that Rae-Ann "sold" its assets. (Dep. Plaintiff at 81);

- Request for Admission No. 19:  Plaintiff admitted that Sue Griffiths is an owner of Rae-Ann.  (Dep. Plaintiff at 81-82); and

- Request for Admission No. 20: Plaintiff admits that John Griffiths is an owner of Rae-Ann. (Dep. Plaintiff at 82).

When asked why he did not admit them when requested, Plaintiff could not provide an explanation. (Dep. Plaintiff 83).

### III. ARGUMENT

#### A. The Admission Requests Are Proper Under Rule 36.

Rule 36 permits admission requests that address facts, the application of law to fact, or opinions about either. Fed. R. Civ. 36(a)(1)(A). The eleven admission requests at issue in this Motion address facts that are material to Defendants' motion for summary judgment:

- Rae-Ann's written policies;
- Rae-Ann's complaint procedures;
- Direct evidence of religious discrimination;
- Whether Rae-Ann was still in operation; and
- The relationship of the individual defendants to Rae-Ann.

(Dep. Plaintiff at Ex. 9).

The questions Defendant asked in their Requests for Admissions are material to Defendant's case, and necessary for the Motion for Summary Judgment. Furthermore, the Admissions were proper – Plaintiff's counsel did not object when the questions were asked at the deposition. Accordingly, the eleven admission requests are proper under Rule 36.

#### B. Rule 37(c)(2) Requires That The Admissions Be Deemed Admitted.

The Federal Rules state that should a party fail to admit a Request for Admission that is later proved to be true, the requesting party may move to have the opposing party attorneys' fees and other reasonable fees incurred in proving the admission. Fed. R. Civ. 37(c)(2). The Court must

do us unless A) the request was held objectionable under Rule 36(A); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit. Here, Defendant has proved each of the requested Admissions to be true, through Plaintiff's own testimony, while Plaintiff has simultaneously not been able to produce a reason as to why he did not truthfully answer the Admissions. Accordingly, the Court must grant this Motion and award Defendant's attorneys' fees and other reasonable costs.

Despite Plaintiff's insistence, the eleven Admissions in question are not as complicated as Plaintiff makes them out to be. In fact, the admissions are quite straightforward, often able to be answered with yes or no responses. *See Cobell v. Norton*, 213 F.R.D. 16 at 43 (D.D.C. 2003)("It I ridiculous to assert that reasonable people could differ as to a simple yes or no answer to the factual question.."). Instead of addressing the issues at hand, Plaintiff attempts to confuse the issues of the overall case, engaging in discussions on the merits of Plaintiff's claims, such as whether there were complaint reporting procedures available to Plaintiff during his employment, as opposed to addressing whether Plaintiff correctly responded to the Admissions as he was legally required to. See Brief at 6. The issue here is that Plaintiff initially denied the Admissions, which were later true through deposition testimony. *See McCarthy v. Ameritech Publ'g, Inc.*, 763 F.3d 488 (6th Cir. 2014)("When a litigant expends resources to prove a fact that an opposing party refused to admit, Fed. R. Civ. 37(c)(2) directs (and does not just permit) the court to award monetary sanctions equal to reasonable expenses, including attorneys' fees, incurred in making that proof.").

Plaintiff's initial denial to the Admissions was a waste of time and expense to all parties and the Court, and runs contrary to the purpose of Rule 36. *See United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) ("Rule 36 is essentially intended to facilitate proof at trials by

obviating the need to adduce testimony or documents as to matters that are really not in controversy.") *See also JP Morgan Chase Bank, NA v. Winget*, No. 08-13845, 2014 U.S. Dist. LEXIS 140540, at 3 (E.D. Mich. Oct. 1, 2014) ("The purpose of the rule 'is to require admission of matters which ought to be admitted, or which will not be disputed at the trial, so that the time, trouble and expense required to prove them may be avoided.'") Here, Plaintiff knew the answers to the Admissions and chose not to answer truthfully, forcing Defendant to waste time, trouble, and expense to prove the admissions to be true through deposition.

Moreover, Plaintiff's argument that Defendant's Motion is somehow precluded by Local Rule 37.1 is equally without merit and should be entirely disregarded. The Northern District has examined this exact issue and found that Rule 37.1 is inapplicable to Motions such as this. *Stephenson v. Family Sols. of Ohio, Inc.,* No. 1:18cv2017, 2021 U.S. Dist. LEXIS 32377, at 18 (N.D. Ohio Feb. 22, 2021). The facts and circumstances of *Stephenson* mirrored those of the instant case – the Plaintiff's false answers to Request for Admissions were proven to be true through his deposition testimony, and though he argued that Rule 37.1 forbade the application of a Motion to Deem Admissions Admitted and for Attorneys' Fees, the court found the Rule inapplicable stating,

> Defendants are not asking the Court to compel Plaintiffs to provide amended responses to the Requests for Admissions at issue. Nor are Defendants otherwise seeking any further discovery relating to those Requests. Rather, Defendants ask this Court to deem the relevant Requests for Admissions admitted on the grounds that Plaintiffs' responses are directly contrary to Plaintiffs' own deposition testimony.

*Id.* Here, Defendant requests the same relief as the movant in *Stephenson,* under almost mirror image circumstances. There can be no question that issue is not within the purview of Local Rule 37.1, and Plaintiff's argument has no validity.

**IV.     CONCLUSION**

Based on the above-cited arguments and authorities, Defendants' Motion should be granted, the above eleven admissions should be deemed admitted for Plaintiff, and Defendants should be awarded reasonable expenses, including attorney's fees, in making the proof to prove the admissions true and filing this Motion.

    Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Stephen L. Miller (0101656)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
Stephen.Miller@lewisbrisbois.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 19th day of September, 2023, the foregoing was filed through the Court's CM/ECF electronic filing system, which will provide service to Plaintiff's counsel of record.

                                      */s/ David A. Campbell*
                                      David A. Campbell (0066494)

                                      *One of the Attorneys for Defendants*